DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2009-10 tax year. The property is identified in the Multnomah County tax records as Account R568942.
A trial was held November 3, 2010. Sergey Dedlovskiy testified on his own behalf; Doug Kelsay and Dave Babcock, County Appraisers, appeared for Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence located at 8212 SE Pineridge Court in Portland, Oregon. It was built in 2007 and has over 4,000 square feet of living area with an attached three car garage. The Multnomah County Board of Property Tax Appeals (BOPTA) sustained Defendant's original total real market value (RMV) of $412,290. Plaintiff now seeks a reduction to $300,000 RMV.
Plaintiff acquired the subject property in April of 2009; he paid $300,000. It was purchased from Liberty Bank who had received the home on February 26, 2009, through repossession for nonpayment of a loan. The contractor then owed $463,039. Defendant's evidence demonstrated that such distress sales are a typical market transaction. *Page 2 
Plaintiff's evidence also included two competitive market analyses (CMA) from a local Realtor. The analyses were conducted past the January 1, 2009 assessment date; the first was done on June 30, 2009, and found an RMV of $277,400, while the February 22, 2010 analysis found an RMV of $263,530. The author did not participate at trial. Plaintiff's other information surveyed several distress sales of properties in the banks' possession.
Defendant's expert appraiser, Doug Kelsay, offered a comprehensive review of pertinent market transactions. He was available at trial to answer questions and explain his adjustments. He examined three sales of comparable properties. The sales prices ranged from $418,000 to $488,500. After necessary adjustments for differences, the final values indicated were from $393,195 to $429,340. From this he concluded the subject property's RMV as $415,000 for 2009-10. The evidence was offered in support of the $412,290 RMV determination by BOPTA.
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiff's property as of January 1, 2009. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's[-]length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach the correct RMV. Richardson v. Clackamas CountyAssessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiff in this case relies primarily on his purchase from a financial institution. The acquisition was less than two months after the bank obtained possession. This is clearly not a typical and usual marketing period. *Page 3 
The bank-related sales cited by the owner are not relevant to the RMV assignment. The evidence reveals that these properties typically sell below their optimum value, have a quick marketing time, and are influenced by the financial institution's need to quickly reduce inventory.
Plaintiff has presented no probative evidence of bona fide market transactions that did not involve financial institutions. The third-party CMA's were at different times and under different local conditions. They are entitled to no weight in this record. Plaintiff's presentation consisted largely of beliefs and opinions regarding his acquisition of the subject property. These do not constitute proof of an over-assessment.
Defendant's evidence, on the other hand, is of the quality necessary to support the BOPTA conclusions. The collection was based on relevant market activities, necessary adjustments and professional expertise.
Plaintiff has the burden of proof and must establish his case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 III. CONCLUSION
The court concludes that Plaintiff has failed to establish by a preponderance of the evidence that a reduction in the RMV for the 2009-10 tax year is warranted. Accordingly, the record RMV established by the assessor and affirmed by the board, must be, and is hereby, sustained. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon December 10, 2010. The Court filed and entered this documenton December 10, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1